UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITA RODIN-JOHNSTON, | 11 Civ. 00638 (GBD/RLE) |
| Plaintiff, | |
| -against- | |
| HOTEL LES ATELIERS DE L'IMAGE, SARL GODARD FRANCE ASSOCIES, ALAIN GODARD, FRANCINE GODARD, and JEROME GODARD, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY

Peter D. Weinstein
Allen R. Wolff
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
*Attorneys for Defendants*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

1204339-1

Defendants Hotel Les Ateliers de L'Image ("the Hotel"), SARL Godard France Associés, Alain Godard, Francine Godard, and Jerome Godard (collectively, "Defendants"), by their counsel, Olshan Grundman Frome Rosenzweig & Wolosky LLP, submit this memorandum of law in support of their motion to stay discovery pursuant to Fed. R. Civ. P. 26(c).

## Preliminary Statement

This is a personal injury action against five French citizens arising out of an accident that is alleged to have occurred in the south of France. None of the five French Defendants has any contact with the State of New York and the issues of liability and damages will be decided as a matter of French law. On February 9, 2011, Defendants filed a Motion to Dismiss for lack of personal jurisdiction, *forum non conveniens*, and failure to state a claim (the "Motion to Dismiss") (Docket No. 5). Good cause exists to stay discovery in this action until the Motion to Dismiss is decided. First, as explained below, Defendants have raised several meritorious arguments in support of dismissal. Second, if the Motion to Dismiss is granted, it will entirely dispose of Plaintiff's claims. Third, if the case is re-filed in France, it will be governed by very different court procedures. Finally, Plaintiff will not be prejudiced by the short stay requested here. Defendants therefore request that the Court stay discovery pending the outcome of the Motion to Dismiss, or until the Rule 26(f) conference occurs, whichever is later.

## Statement of Facts

The following facts are taken from the Complaint (Docket No. 1, Ex. F), and the Declarations of Alain Godard (Docket No. 6) and Jean-Christophe Pic (Docket No. 7) filed in support of the Motion to Dismiss.

A.   The Parties

Plaintiff Rita Rodin-Johnston is a citizen of the State of New York, with an address at 203 West 81st Street, Apartment 5C, New York, NY 10024. (Compl. ¶ 1).

Defendant SARL Godard France Associés ("SARL Godard") is a French limited liability company with its address at 36 Boulevard Victor Hugo a 13210 Saint Remy du Provence, France.  (Docket No. 7 ¶ 2).  SARL Godard owns, operates, and manages defendant Hotel Les Ateliers de L'Image (the "Hotel"), which is located at 36 Boulevard Victor Hugo, 13210 St. Remy de Provence, in France.  (*Id.* at ¶ 3).

Defendants Alain and Francine Godard are French citizens and former members of SARL Godard who reside at 8 rue Marcellin Blanc, 69110 Sainte Foy les Lyon, France.  (Docket No. 6 ¶ 4).  Defendant Jerome Godard is a citizen of France who resides at 18 rue de l'Atlas, 75019 Paris, France.  (Docket No. 6 ¶ 6).

B.      Procedural History

Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York, on August 19, 2010.  The case was assigned Index No. 110903/10.  (*See* Docket No. 1, Ex. F).

On January 28, 2011, the case was removed to the Southern District of New York. (Docket No. 1).

On February 9, 2011, Defendants filed a Motion to Dismiss for lack of personal jurisdiction, *forum non conveniens*, and failure to state a claim.  (Docket No. 5).

Argument

I

THE COURT SHOULD STAY DISCOVERY PENDING THE OUTCOME OF THIS MOTION

A.      The Legal Standard

Fed. R. Civ. P. 26(c) provides that, for "good cause, a court may limit or stay discovery." *See Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) ("It is well-settled that a district court has discretion to halt discovery pending its decision on a

1204339-1

motion to dismiss"); *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) (granting stay of discovery pending decision on motion to dismiss).

"'Good cause' requires a showing of facts militating in favor of the stay." *American Booksellers Ass'n, Inc. v. Houghton Mifflin Co., Inc.*, 94 Civ. 8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software and Information Services, LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). *See also Picture Patents, LLC v. Terra Holdings LLC*, 2008 WL 5099947, at *2 (S.D.N.Y. Dec. 3, 2008) (granting motion for stay).

The court should also consider the strength of the motion. *Spencer Trask*, 206 F.R.D. at 368, citing *Gandler*, 1994 WL 702004, at *4 (granting motion to stay where "Defendant's motion to dismiss based on lack of personal jurisdiction [was] potentially dispositive, and appear[ed] to be not unfounded in the law"); *Integrated Systems and Power, Inc. v. Honeywell Intern., Inc.*, No. 09 CV 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sep. 1, 2009) (same).

B.    Good Cause Exists To Stay Discovery

Good cause exists to grant a stay of discovery. First, the strength of Defendants' Motion to Dismiss supports a stay of discovery in this matter. *See  Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting motion for stay where, *inter alia*, "defendants … appear[ed] to have substantial arguments for dismissal of many, if not all, of the claims asserted in th[e] lawsuit"). As explained in the Memorandum of Law In Support of Motion to Dismiss (the "Memorandum of Law") (Docket No. 8), none of the Defendants has any contacts with the State of New York that would subject them to personal jurisdiction here. Each of the Defendants is a French citizen and resident with no relevant contacts with the United States, let alone New York.

3

1204339-1

None of Alain, Francine, or Jerome Godard owns any property in the State of New York, or maintains a telephone number, mailing address, or bank account in the State of New York. (Docket No. 6 ¶ 7).  Similarly, SARL Godard does not have an office in the State of New York; does not own any property in the State of New York; does not have a telephone number, mailing address, or bank account in the State of New York; does not have an agent for service of process in the State of New York; is not authorized to do business in the State of New York; does not sell anything in the State of New York; and does not have any employees or agents in the State of New York. (Docket No. 7 ¶ 5).  In short, none of the Defendants has the kind of contacts that could subject them to personal jurisdiction in this State.

Moreover, as further explained in the Memorandum of Law, each of the jurisdictional "facts" alleged by Plaintiff are either plainly and demonstrably incorrect, or are not the kind of contacts that, according to the incontrovertible law of this State, could subject a foreign defendant to personal jurisdiction here.  (*See* Docket No. 8 pp. 5-11).  For example, Plaintiff's allegation that SARL Godard operates from an address in Buffalo (the "Buffalo Address") is contradicted by the affidavits, based on personal knowledge, submitted by the Defendants. These affidavits make clear that the Buffalo Address is the address for Domain Registry of America – a company with which the Hotel registered its website, www.hotelphoto.com (the "Website"), and that neither SARL Godard nor the Hotel have ever operated out of the Buffalo Address, have ever listed it on the Website, have ever received mail or other correspondence there, or are legally associated with Domain Registry of America in any way.  (Docket No. 7 ¶ 7; Docket No. 6 ¶ 12).  This allegation therefore need not be accepted as true.  *See Barrett v. U.S.*, 646 F.Supp. 1345, 1350 (S.D.N.Y. 1986) ("Affidavits based on personal knowledge are to be credited over contradictory allegations based merely on information and belief, and facts

4

adduced in opposition to jurisdictional allegations are considered more reliable than mere contentions offered in support of jurisdiction").

Plaintiff's remaining jurisdictional allegations are similarly irrelevant.  First, it is well-settled that the fact that the Hotel operates a website that is accessible to residents of New York is not sufficient to subject it to either general or specific jurisdiction.  *See, e.g., Bossey ex rel Bossey v. Camelback Ski Corp.*, 21 Misc.3d 1116(A), 873 N.Y.S.2d 509, *3 (N.Y. Sup. 2008) (fact that "defendant solicit[ed] business through its interactive website which allow[ed] customers, including those in New York, to book reservations for accommodations and to purchase tickets to ski lifts and other recreational events at the defendant's ski resort in Pennsylvania" was insufficient to confer jurisdiction); *McCrann v. RIU Hotels S.A.*, No. 09 Civ. 9188, 2010 WL 50904396 (S.D.N.Y. Dec. 6, 2010) ("under settled New York law, the existence of [a] website does not provide a basis for concluding that [defendant hotels] … [were] 'doing business' in New York on a continuous and systematic basis;" nor does "maintaining [a] universally accessible website – even one that is interactive, allowing New York customers to book hotel reservations … constitute the transaction of business within the state for purposes of C.P.L.R. § 302"); *Reers v. Deutsche Bahn AG*, 320 F.Supp.2d 140, 155 (S.D.N.Y. 2004) ("jurisdiction [is not] proper merely because [French corporation] operates websites through which New York residents can make hotel reservations or purchase other services").

Merely that the Hotel is listed on third-party travel sites such as Expedia.com does not subject it to personal jurisdiction in New York, because none of those third-party travel sites is an agent of the Hotel.  *See Heidle v. Prospect Reef Resort, Ltd.*, 364 F.Supp.2d 312, 315 (W.D.N.Y. 2005) (travel wholesalers who do not have authority to bind the defendant hotel without contacting it, and who are not subject to the control of the defendant hotel, cannot be considered agents of the defendant hotel); *Smith v. Circus-Circus Casinos, Inc.*, 304 F.Supp.2d

5

463, 465-66 (W.D.N.Y. 2003) (hotel/casino not subject to general jurisdiction in New York based on the fact that it paid commissions to independent travel agents in New York who book rooms or groups at the casino; "[t]he travel agents referenced would not be employees of defendants and would merely be one of thousands of independent travel agents throughout the world who could make arrangements for their customers to attend various facilities, including this casino," which "would not constitute 'systematic and continuous' business by defendant in New York…"); *Savoleo v. Couples Hotel*, 136 A.D.2d 692, 693, 524 N.Y.S.2d 52, 53 (2d Dep't 1988) ("while … independent travel agencies in New York may make reservation and accept payments on the defendant's behalf, and thus provide services beyond 'mere solicitation,' these limited services are not of such a nature and quality to subject the defendant to jurisdiction" and it would be "unfair to require [the defendant hotel] to defend a lawsuit in New York arising out of an accident in St. Lucia"). *See also Elayyan v. Sol Melia, SA*, 571 F.Supp.2d 886, 901-02 (N.D. Ind. 2008) (fact that defendant Hotel was listed on websites such as Hotels.com and Expedia.com was irrelevant for purposes of jurisdiction, because they are independent sales agents); *Smith v. Basin Park Hotel, Inc.*, 178 F.Supp.2d 1225, 1232 (N.D.Okl. 2001) (defendant hotel could not be subject to personal jurisdiction based on the fact that bookings could be made through Travelocity.com, because "activities by … Travelocity, in Oklahoma and elsewhere, are their own activities and not activities by Defendant").

Nor do any of Plaintiff's claims arise out of any of the alleged contacts that Defendants have with this State. *See Nadraus ex rel. Nadraus v. Fernwood Hotel and Resort*, 11 Misc.3d 1075(A), 816 N.Y.S.2d 697, *1 (N.Y. Sup. 2006) (no nexus between a foreign hotel's maintenance of an interactive website and a personal injury cause of action); *McCrann*, 2010 WL 5094396, at *5 (same).

In addition to the absence of personal jurisdiction over the Defendants, good cause for a stay exists because, as explained in the Memorandum of Law, France provides a more convenient and appropriate forum for the adjudication of this matter.  All of the Defendants are French citizens; the accident occurred in France; all of the physical evidence concerning the accident is in France; any potential witnesses such as hotel staff, medical personnel, and others who may have either seen the accident or treated plaintiff immediately following the accident are in France; and the dispute will require the interpretation and application of French law.  The United States has no interest in this case, and certainly does not have a greater interest than France in ensuring that businesses operating under French laws maintain safe premises.  The public and private interest factors thus clearly weigh in favor of dismissing this case on *forum non conveniens* grounds.  *See Reers*, 320 F.Supp.2d at 158-60 (dismissing personal injury suit that should be litigated in France).

Good cause for a stay of discovery also exists because Defendants' motion to dismiss, if granted, will entirely dispose of Plaintiff's claims.  Thus, "[p]roceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on [D]efendants."  *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997).  If this case is re-filed in France (assuming that the French statute of limitations has not yet run), it will be governed by very different court procedures.

Finally, a stay of discovery is also warranted because Plaintiff will not be prejudiced by the stay requested here.  The stay requested is only for a short period of time – until this Court rules on the motion to dismiss – and thus "will neither unnecessarily delay the action nor prejudice the plaintiffs thereby."  *Spencer Trask*, 206 F.R.D. at 368.  Moreover, as previously noted by this court, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it

continue." *Id.*  Further, Plaintiff has not yet served discovery requests, and cannot do so until after the discovery conference required by Fed. R. Civ. P. 26(f).

<u>Conclusion</u>

For the foregoing reasons, Defendants respectfully request that the Court stay discovery pending the outcome of Defendants' Motion to Dismiss for lack of personal jurisdiction, *forum non conveniens,* and failure to state a claim (Docket No. 5), or until the Rule 26(f) conference, whichever is later.

Dated: New York, New York
        February 11, 2011

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP


By:   */s/ Allen R. Wolff*
      Peter D. Weinstein
      Allen R. Wolff (AW 5876)
      *Attorneys for Defendants*
      Park Avenue Tower
      65 East 55th Street
      New York, New York 10022
      (212) 451-2300

8

1204339-1